**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BRANCH BANKING AND TRUST
COMPANY,

Plaintiff,

v.                                                                  Case No: 8:13-cv-1419-T-30TGW

S&S DEVELOPMENT, INC., BRIAN K.
SWAIN and DONALD K. STEPHENS,

Defendants.

_____

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff Branch Banking and Trust

Company's Motion for Summary Judgment (Dkt. #31), and Defendants S&S

Development, Inc. and Brian K. Swain's Response in Opposition (Dkt. #34), and

Defendant Donald K. Stephens' Joinder in S&S Development, Inc. and Brian K. Swain's

Response (Dkt. #36).   Upon review and consideration, it is the Court's conclusion that the

Motion should be granted.

*Background*

On September 26, 2006, Plaintiff Branch Banking and Trust Company's

("BB&T") predecessor in interest Citrus and Chemical Bank ("Chemical Bank") issued to

Defendant S&S Development, Inc. ("S&S") a promissory note in the principal amount of

$1.9 million dollars (the "Note") for the construction of a strip mall.   The Note

incorporated by reference a Construction Loan Agreement that provided additional terms

for the loan.   To secure payment on the Note, Defendants Brian K. Swain ("Swain") and

Donald K. Stephens ("Stephens", together with S&S and Swain, "Defendants") executed

and delivered personal guaranties on the Note to Chemical Bank. Chemical Bank then

merged with Colonial Bank ("Colonial").   Subsequently, Colonial was closed and the

Federal Depository Insurance Corporation ("FDIC") was named Receiver.   Thereafter,

BB&T acquired Colonial's assets from the FDIC.   S&S defaulted on the Note on October

18, 2008, when it stopped making payments on the Note.   BB&T has accelerated payment

under the terms of the Note and demanded payment in full of the remaining balance from

Defendants.   BB&T is not in custody of the original Note, and has therefore included a

count for reestablishment of the Note along with the claim for payment.

## *Discussion*

### I.   **Motion for Summary Judgment Standard**

Motions for summary judgment should be granted only when the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits,

show there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law.   Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S.

317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).   The existence of some factual disputes

between the litigants will not defeat an otherwise properly supported summary judgment

motion; "the requirement is that there be no genuine issue of material fact."   *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis

in original).   The substantive law applicable to the claimed causes of action will identify

which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248–49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir.1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir.1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir.1989).

## II.   Breach of Contract Claims

The elements of a breach of contract claim in Florida are a valid contract, a material breach and damages. *J.J. Gumberg Co. v. Janis Servs.,* 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003)). "A guaranty is a collateral promise to answer for the debt or obligation of

another." *Fed. Deposit Ins. Corp. v. Univ. Anclote, Inc.*, 764 F.2d 804, 806 (11th Cir. 1985).   "In Florida, the elements of an action for breach of a guaranty arise from a debtor's default and the guarantor's subsequent failure to pay."   *Bank First v. Guillem*, 2009 WL 1930190, at *5 (M.D. Fla. June 30, 2009).   The rules governing contracts apply generally to guaranty contracts.   *Lockheed Martin Corp. v. Galaxis USA, Ltd.*, 222 F. Supp. 2d 1315, 1325 (M.D. Fla. 2002).   Where guarantors execute an absolute guaranty, "the guarantors become liable upon non-payment by the principal, and the person in whose favor the guaranty runs has no duty to first pursue the principal before resorting to the guarantors." *Mullins v. Sunshine State Service Corp.*, 540 So. 2d 222, 223 (Fla. 5th DCA 1989). Plaintiff has established that S&S is in default of the Note and stopped making payments in October 2008 and that Swain and Stephens executed guaranties to its predecessor in interest, Chemical Bank, to repay the full indebtedness in the event of S&S's default.

## III.   Reestablishment of the Lost Note

Under Florida law, a promissory note is a negotiable instrument.   *See Perry v. Fairbanks Capital Corp.*, 888 So. 2d 725, 726 (Fla. 5th DCA 2004).   A party suing on a promissory note, whether on the note itself or together with a claim to foreclose on a mortgage securing the note, must therefore be in possession of the original of the note or reestablish the note pursuant to Fla. Stat. § 673.3091.   A party may reestablish the Note and thereby enforce it by "providing a sworn affidavit claiming that [the party] was in possession of the note and was entitled to enforce it when the loss of possession occurred; the loss of the note was not the result of a transfer or lawful seizure; and [the bank] cannot reasonably obtain possession of the note because of the loss."   *Cherry v. Chase Manhattan*

*Mortg. Corp.*, 190 F. Supp 2d 1330, 1335 (M.D. Fla. 2002).   Plaintiff produced such an affidavit thereby establishing the above-mentioned facts to support reestablishment of the lost Note.   Defendants have not produced evidence to the contrary.   This distinguishes this case from the cases Defendants rely upon, *Correa v. U.S. Bank Nat'l Ass'n* and *Guerrero v. Chase Home Finance, LLC*, where evidence the plaintiffs offered did not satisfy certain requirements of Fla. Stat. § 673.3091.

In *Correa*, the plaintiff relied on witness testimony that did not prove its right to enforce the note in question and plaintiff's counsel failed to introduce the note at issue into evidence.   118 So. 3d 952, 955 (Fla. 2d DCA 2013).   In *Guerrero*, the affidavit supporting reestablishment of a lost note was stricken because witness testimony revealed the affiant did not understand certain representations in his affidavit, leaving no evidence to prove the requirements of Section 673.3091(2).   83 So. 3d 970, 972-74 (Fla. Dist. Ct. App. 2012).   Thus, these cases are inapposite.

### IV.   Defendants' Affirmative Defenses

#### A.  Court's Jurisdiction over Defendants' Affirmative Defenses

Plaintiff argues the Court lacks subject matter jurisdiction over Defendants' affirmative defenses because Defendants failed to exhaust their administrative remedies under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1811 *et. seq.*

Section 1821(d)(13)(D) provides:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(**i**) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

(**ii**) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D) (2013).   Section 1821(d)(6) permits claimants to seek judicial review after a claim has been disallowed or if 180 days expire without a determination by the receiver.   These claims include "(1) claims for payment from assets of any depository institution for which the [FDIC] has been appointed Receiver; (2) actions for payment from assets of such depository institutions; (3) actions seeking a determination of rights with respect to the assets of such depository institutions; and (4) a claim relating to any act or omission of such institution or the [FDIC] as receiver."   *Am. First Fed., Inc. v. Lake Forest Park, Inc.,* 198 F.3d 1259, 1263 (11th Cir. 1999).   The administrative review protections apply to banks, like Plaintiff, who purchase the assets of a failed bank from the FDIC.   *Id.* at 1263 n.3; *Lazarre v. JP Morgan Chase Bank, N.A.*, 780 F. Supp.2d 1320, 1325 (S.D. Fla. 2011).

"An affirmative defense, that is, a response to a plaintiff's claim which attacks the plaintiff's legal right to bring an action,… is not subject to the administrative exhaustion requirement of Section 1821(d)(13)(D)."   *Am. First Fed., Inc.,* 198 F.3d at 1264 (internal quotation and citation omitted).   "However, a court must look beyond the nomenclature of a request for relief to ascertain whether it is a true affirmative defense or is, in actuality, a claim requiring exhaustion as a prerequisite to jurisdiction. Whether a request for relief

6

is titled an affirmative defense or a counterclaim is not dispositive to the question of subject matter jurisdiction." *Id.*

Although Defendants' pleading labels their claim for "set-off/failure of condition precedent" as an "affirmative defense" as opposed to a counterclaim, the Court concludes that it falls within FIRREA's requirement for exhaustion of remedies. *See id.* at 1265 ("[Borrower's] claim for damages stemming from [predecessor bank's] refusal to fund the balance of the construction loan is clearly a claim against the assets of the failed institution rather than a defense which attacks [plaintiff's] legal right to bring the action."). Further, Defendants' reliance on *FDIC v. McFarland*, to support the argument that "FIRREA only bars defenses based upon separate and collateral agreements, not breaches of agreements found in the loan documents themselves" is misplaced. *McFarland* discusses 12 U.S.C. § 1823 (e), which deals with a separate issue not relevant to the question of whether Defendants have exhausted administrative remedies. *See FDIC v. McFarland*, 33 F. 3d 532 (5th Cir. 1994). Defendants' argument that this case falls outside the scope of 12 U.S.C. § 1823 (e) does not preclude FIRREA's jurisdictional bar, and therefore need not be reached. *Id.*

### B. Unclean Hands/Estoppel

Defendants rely upon the same argument that Colonial failed to advance funds in accordance with the Construction Loan Agreement in their unclean hands/estoppel affirmative defense. For the reasons stated above, the Court concludes that Defendants failed to prove this affirmative defense. Plaintiff provided sufficient evidence to support Colonial's decision to deny further advances on the loan including S&S's failure to pay the

real estate taxes, untimely completion of the construction project, reduced value of the project, and S&S's default in payment.   Further, to the extent that Defendants request set-off for the amount recovered by Plaintiff through the short sale of the property, the issue is moot since Plaintiff seeks only the balance due after crediting the $407,500.00 from the sale.

### C.  Failure to Mitigate

Defendants argue that S&S had opportunities to sell the property that would have generated funds to reduce the damages sought by Plaintiff.   Defendants have not produced sufficient evidence to support this defense.

### D.  Lost Note-Adequate Protection

In support of its Motion, Plaintiff produced the affidavit of Vice President Esteban Nunez as its corporate representative.   Defendants argue that Nunez lacks personal knowledge of the facts stated in his affidavit regarding the reestablishment of the Note. Further, they argue that S&S is entitled to adequate protection against loss that might occur if another entity attempted to enforce the Note, which is a condition of entry of any judgment reestablishing the Note.

Under Federal Rule of Civil Procedure 56(c)(4), an affidavit used to support a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant ... is competent to testify on the matters stated."   Nunez's affidavit is based on personal knowledge, and knowledge obtained from reviewing business records as permitted under the Federal Rules of Evidence 803(6). Based on Nunez's representation that he is an employee of BB&T and that his affidavit is

based on personal knowledge and a review of certain BB&T's business records, the Court

may rely on his affidavit with regard to possession of the Note.  *Accord Nissan Motor*

*Acceptance Corp. v. Sowega Motors Inc.*, 4:10-CV-111 CDL, 2012 WL 3987417 at *1

(M.D. Ga. Sept. 11, 2012).

Defendants rely on cases that are distinguishable and Plaintiff has stated sufficient

facts in the Nunez Affidavit to support reestablishment of the lost Note.  Further,

Defendants waived the defense of presentment in the Note.[1]  *See Chris Craft Indus., Inc.*

*v. Van Valkenberg*, 267 So. 2d 642, 646–47 (Fla. 1972) (finding meritless a "notice of

dishonor" affirmative defense because the note contains a waiver of protest, "which is

deemed to be a waiver of presentment and notice of dishonor.").

### *Conclusion*

The Court concludes that there are no genuine issues of material fact with respect

to Plaintiff's claims and Defendants have not produced sufficient evidence to support their

affirmative defenses.  *Limu Co., LLC*, 2013 WL 3462327 at *6 ("it is the [defendant's]

duty is [sic] to point to sufficient facts in the record that support their defenses.").

Accordingly, Plaintiff is entitled to summary judgment on all of its claims in the Complaint.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiff's Motion for Summary Judgment (Dkt. #31) is GRANTED.

---

[1] Note ¶ 12 "WAIVERS AND CONSENT. To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor."

2.      The Clerk is directed to enter judgment in favor of Branch Banking and Trust Company and against Defendants S&S Development, Inc., Donald K. Stephens, and Brian K. Swain in the amount of $1,910,098.88, which represents the amount due and owing to BB&T from S&S as of May 17, 2013 ($1,787,161.92), plus interest accrued thereafter at the *per diem* rate of $326.96 in the amount of $122,936.96.

3.      The Clerk is directed to deny all pending motions as moot and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of May, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-1419 msj version 2.docx