UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY,

    Plaintiff,

v.                                                Case No: 8:13-cv-1419-T-30TGW

S&S DEVELOPMENT, INC., BRIAN K.
SWAIN and DONALD K. STEPHENS,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Attorneys' Fees and Costs and Affidavit of Attorneys' Fees and Costs (Dkt. 46). Upon review of the motion and the filings in support of same, the Court concludes that the motion should be granted in part and denied in part.

## BACKGROUND

This is an action to recover on a defaulted promissory note, which Plaintiff Branch Banking and Trust Company's ("BB&T") predecessor in interest, Citrus and Chemical Bank, issued to Defendant S&S Development, Inc. ("S&S") in the principal amount of $1.9 million dollars (the "Note") for the construction of a strip mall. BB&T requested money damages in the amount of $1,910,098.88, which represented the amount due and owing to BB&T from S&S as of May 17, 2013 ($1,787,161.92), plus interest accrued thereafter at the *per diem* rate of $326.96 in the amount of $122,936.96. On May 28, 2014, the Court

granted BB&T's motion for summary judgment and awarded BB&T a judgment in the amount of $1,910,098.88 for damages and pre-judgment interest.   (Dkt. 43).

BB&T's motion requests costs in the amount of $2,229.27 and attorneys' fees in the amount of $100,766.

## DISCUSSION

**I.     Costs**

BB&T seeks costs in the amount of $2,229.27.   Upon review of the costs, the Court concludes that the costs are recoverable under 28 U.S.C. §1920.   Accordingly, the Court will award BB&T costs in the amount of **$2,229.27**.

**II.    Attorney's Fees**

Pursuant to the Note, Construction Loan Agreement (the "Construction Loan Agreement") and Commercial Loan Agreement (the "Commercial Loan Agreement", together with the Note and Construction Loan Agreement, the "Loan Documents"), S&S agreed to pay expenses including "attorneys' fees of 10 percent of the Principal sum due or a larger amount as the court judges reasonable and just, court costs and other legal expenses."   (Dkt. 31-2, 31-3, 31-4).   The principal sum due on the Note is $1,238,730.66. Defendants Brian K. Swain ("Swain") and Donald K. Stephens ("Stephens") each executed a guaranty, in which they "absolutely and unconditionally" guarantied the "payment and performance of each and every Debt of every type…including without limitation, all principal, accrued interest, attorneys' fees and collection costs, when allowed by law, that may become due from the Borrower to you in collecting and enforcing the Debt and all other agreements with respect to the Borrower."   (Dkt. 31-8, 31-9).   Pursuant to the Swain

2

and Stephens guaranties, Swain and Stephens also agreed to "pay all expenses of collection" including but "not limited to, reasonable attorneys' fees, court costs and other legal expenses." *Id.*

It is the Court's conclusion that BB&T is entitled to reasonable attorneys' fees under the Loan Documents and the Swain and Stephens guaranties. Based on the Court's review of BB&T's counsel's hourly rates and invoices, in conjunction with the Court's experience with these matters, and the lack of complexity of this case, the Court reduces a portion of the time expended in this case.

### A.   Hourly Rates

The Affidavit of Attorneys' Fees and Costs reflects that four attorneys and six paralegals worked on the instant case. The Affidavit states the attorneys' and paralegals' hourly rates and attaches biographical summaries outlining the background and qualifications of the attorneys that worked on the matter. The Affidavit states that the fees in this action are consistent with rates billed and paid in similar commercial lawsuits filed in the United States District Court for the Middle District of Florida. The Court concludes that the hourly rates are reasonable.

### B.   Billing Statements

The Court reviewed the billing statements in detail and concludes that it is necessary to reduce a portion of the time spent in this case. The Complaint filed in this case was only seven pages and contained only four counts, three of which requested action against individual defendants on the promissory note or guaranties of its payment. The case was pending for just over one year prior to the Court's entry of summary judgment in BB&T's

3

favor. The relevant law was not complicated. And the Court did not have to address any discovery disputes or other disputed issues, other than the summary judgment motion. Under these circumstances, the Court reduces the invoices as follows:

1. With respect to the time spent on the drafting and preparing the notice of pendency of action, the Court reduced Jensen's time by .6, a reduction of $201.

2. The Court reduced Gibson's time by .5 hours for entries related to: "Additional research regarding address for Brian Swain for service purposes; consult with Investigative Legal regarding same", a reduction of $55.

3. With respect to time spent conducting legal research regarding matters related to a 30(b)(6) deposition and notice, privilege issues related to a "former employee" of defendant, and for use in BB&T's motion to strike, the Court reduced Malani's time by 26.6 hours, a reduction of $6,185.

4. With respect to time spent reviewing the client file, loan documents, and documents produced by Defendants, the Court reduced Malani's time by 24.4 hours, a reduction of $5,540.

5. With respect to the drafting and preparation of the case management report, the Court reduced Jensen's time by 2.4, a reduction of $804.

6. The Court reduced Jensen's time by 1.30 hours for entries related to: "Attention to analysis of the statute of limitations on the short sale for the subject claims in the lawsuit". This entry is too vague to explain the nature of the work performed. The total reduction is $435.50.

7. With respect to time spent on the preparation, drafting of, and revisions of BB&T's motion for summary judgment, and preparation for the hearing relating to the motion, the Court reduced Malani's time by 18.1 hours, and Paralegal Alana Frustaci's ("Frustaci") time by 7.4 hours, a total reduction of $5,067.50.

In sum, the total amount of fees excluded as unreasonable is $18,288.

C.   **Total Amount of Reasonable Fees**

After reducing the billing entries as reflected above, the total amount of reasonable attorney's fees is **$82,478**.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 46) is granted in part and denied in part as explained herein.

2. The Clerk of Court shall enter a **final judgment** in Plaintiff's favor and against Defendants in the amount of **$84,707.27** which represents costs and attorneys' fees. This amount shall accrue post-judgment interest at the Federal statutory rate.

3. This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of July, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-1419 attny fees.docx