UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, as successor-in-interest to
Colonial Bank by asset acquisition from
the FDIC as Receiver for Colonial Bank,
successor by merger to Citrus and
Chemical Bank,

        Plaintiff,

v.

S&S DEVELOPMENT, INC., a Florida
Corporation, BRIAN K. SWAIN, individually,
and DONALD K. STEPHENS, individually,

        Defendants,
_____/

Case No.: 8:13-cv-1419-T-30TGW

## ORDER

THIS CAUSE is before the Court on Plaintiff Branch Banking & Trust Company's ("BB&T") Motion for Attorneys' Fees and Costs (Dkt. 228). Upon review of the motion, the evidence submitted in support of the motion, and the applicable law, the Court concludes that the motion should be granted.

### I. BACKGROUND

On May 30, 2013, BB&T filed this action (the "Breach of Contract Action") to recover on a defaulted promissory note issued to Defendant S&S Development, Inc. ("S&S"), in the principal amount of $1.9 million dollars (the "Note"), for the construction of a strip mall. The Note was guaranteed by Defendants Donald K. Stephens and Brian K. Swain. BB&T requested money damages in the amount of $1,910,098.88, which represented the amount due and owing to BB&T from S&S as of May 17, 2013 ($1,787,161.92), plus interest accrued thereafter at the per diem rate

of $326.96 in the amount of $122,936.96.  On May 28, 2014, the Court granted BB&T's motion for summary judgment.  On May 29, 2014, the Court entered a Judgment in a Civil Case (Dkt. 44) in favor of BB&T against Defendants S&S Development, Inc., Donald K. Stephens, and Brian K. Swain in the amount of $1,910,098.88.  On July 28, 2014, the Court granted in part and denied in part BB&T's Motion for Attorneys' Fees and Costs regarding the Breach of Contract Action (Dkt. 76).  On July 29, 2014, the Court entered a Final Judgment (Dkt. 79) in favor of BB&T and against Defendants in the amount of $84,707.27, which represented the costs and attorneys' fees pertaining to the Breach of Contract Action.

Defendants filed Notices of Appeal regarding the judgments entered against them in the Breach of Contract Action (Dkt. 57, Dkt. 58, Dkt. 99).  The Eleventh Circuit Court of Appeals consolidated Defendants' appeals into a single case (the "Appellate Action").  On June 26, 2015, the Eleventh Circuit Court of Appeals affirmed, per curiam, and issued its Mandate on June 26, 2015.  Thereafter, BB&T filed in the Eleventh Circuit Court of Appeals, an Application for Attorney's Fees, seeking to recover the attorneys' fees that it had incurred in the Appellate Action (the "Appellate Fees Motion"). Defendants did not oppose the Appellate Fees Motion.  The Eleventh Circuit Court of Appeals granted BB&T's entitlement to attorneys' fees, and transferred BB&T's Appellate Fees Motion (Dkt. 228) to this Court for its consideration of the amount of attorney's fees to be awarded to BB&T in connection with the Appellate Action.  (Dkt. 227).

## II.     DISCUSSION

"Calculating an appropriate fee award under federal law involves a two-step process.  The court first calculates the 'lodestar' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Raetano v. Msawel*, 8:12-CV-1625-T-30TBM, 2013 WL 1465290 (M.D. Fla. 2013) (citing *Norman v. Hous. Auth. of City of*

*Montgomery,* 836 F.2d 1292, 1299–1302 (11th Cir.1988).  Additionally, the Eleventh Circuit has recognized that "the computation of a fee award is necessarily an exercise of judgment," and that, "there is no precise rule or formula for making these determinations."  *Raetano*, 2013 WL 1465290, at *1 (citations omitted).  The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Id.*

BB&T requests attorneys' fees in connection with the Appellate Action in the amount of $97,916.34.  BB&T filed an Affidavit of Attorneys' Fees in support of its Appellate Fees Motion along with the related billing statements.  The Affidavit of Attorneys' Fees reflects that two attorneys worked on the Appellate Action.  The Affidavit states the attorneys' hourly rates and attaches biographical summaries outlining the background and qualifications of the attorneys that worked on the matter.  The Court concludes that the hourly rates are reasonable.

Additionally, the billing statements show that the attorneys' fees regarding the Appellate Action were incurred in connection with, among other things: (1) responding to the Eleventh Circuit's jurisdictional question; (2) consolidation of the appeals; (3) mediation; (4) legal research and drafting pertaining to BB&T's Reply Brief, which took place prior to the Eleventh Circuit's resolution of the Appellate Action; (5) BB&T's opposition to Defendants' Motion to Reinstate the Appellate Action; and, (6) additional legal research and drafting regarding BB&T's Reply Brief, which took place after Defendants' appeal had been re-instated.  The Court concludes that the hours billed regarding the Appellate Action are reasonable.  Accordingly, BB&T is entitled to recover from Defendants S&S Development, Inc., Donald K. Stephens and Brian K. Swain, jointly and severally, its attorneys' fees in connection with the Appellate Action in the amount of $97,916.34.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Attorneys' Fees (Dkt. 228) is GRANTED.

2. Plaintiff BB&T is entitled to costs in the amount of $97,916.34.

3. The Clerk of Court is directed to enter a Bill of Costs in the amount of $97,916.34 in favor of Plaintiff BB&T and against Defendants—S&S Development, Inc.; Donald K. Stephens; and Brian K. Swain, jointly and severally—in the amount of $97,916.34, which represents the reasonable attorneys' fees incurred by Plaintiff in connection with the Appellate Action. This amount shall accrue post-judgment interest at the Federal statutory rate.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of January, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record